IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Shamar Gooden,<br><br>     Petitioner,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>     Respondents. | No. CV 13-00909-TUC-CKJ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On August 9, 2013, Petitioner Dennis Shamar Gooden, who is no longer confined, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)[1] On September 18, 2013, Petitioner filed an Amended Petition and a supplement. (Doc. 8, 9.) On November 7, 2013, Petitioner filed a Second Amended Petition without seeking leave of Court, (Doc. 10), and on November 21, 2013, Petitioner filed a memorandum (Doc. 11).

The Court ordered the Second Amended Petition stricken for failure to seek leave of Court and dismissed the Amended Petition for failure to use the court-approved form petition and granted Petitioner leave to file a second amended petition using the court-approved form petition. (Doc. 12.) Petitioner filed a new Second Amended Petition using the court-approved form ("Second Amended Petition"). (Doc. 13) Respondents have filed an answer to the petition ("Answer") with Exhibits A through AA[2] attached. (Doc. 25.)

---

[1] "Doc." refers to the documents in this Court's file.

[2] Respondents' exhibits attached to the Answer are hereafter referred to as (Resp. Ex. ---).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner filed a reply on May 22, 2014 ("Reply") with Exhibits A through D attached. (Doc. 26.)

On June 9, 2014, Petitioner filed a motion for the production of transcripts. (Doc. 27.) The undersigned rules on this non-dispositive motion in an order filed concomitant with this report and recommendation.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5.)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Second Amended.

## I.     **Background and Petition**

Petitioner has filed other cases in federal court and the Court draws from documents attached by Petitioner in one of those cases for background. *Gooden v. State*, No. CV13-0238-TUC-CKJ (D. Ariz. 2013).

On October 24, 2006, in Pima County Superior Court case number CR20052741, Petitioner entered into a plea agreement in which he pled guilty to an amended count of attempted transportation of a narcotic drug for sale and one count of possession of a deadly weapon by a prohibited possessor. (Resp. Ex. B and C.) On February 15, 2007, the trial court sentenced Petitioner to the presumptive term of imprisonment of 3.5 years for attempted transportation of a narcotic drug for sale. (Resp. Ex. D, at 2.) The trial court also sentenced Petitioner to a 4–year term of probation, following his release from the Department of Corrections, for possession of a deadly weapon by a prohibited possessor. (Resp. Ex. D, at 2–3.)

On July 12, 2012, after Petitioner's release on probation, he was charged with new criminal offenses in Pima County Superior Court, case CR20122309. *Gooden v. State*, No. CV13-0238-TUC-CKJ (D. Ariz. 2013), doc. 10 at 10, 30, 31. On July 16, 2012, a probation revocation petition was filed seeking revocation of probation in the 2005 case. (Resp. Ex. F.) Prior to the trial court's revocation of probation, Petitioner, acting on his own behalf, filed letters, motions, petitions and applications to the court, in addition to a notice of appeal. *See* (Resp., Ex's. H, I, J, K, L, S, and T), The trial court struck or denied

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

these motions as Petitioner was represented by counsel. *See* (Resp. Ex. M, N, and U). The Arizona Court of Appeals dismissed the notice of appeal as premature. (Resp. Ex. Y.)

On May 6, 2013, Petitioner entered an admission to allegation 2 contained in the petition to revoke probation dated July 16, 2012. (Resp. Ex. P.) The trial court found Petitioner in violation of the conditions of his probation as set forth in allegation 2 and dismissed allegations 1, 3 and 4 contained in the petition to revoke probation. (Exh. P.) On June 27, 2013, Petitioner, acting on his own behalf, filed a "Post Conviction Relief Rule 32." (Resp. Ex. W.) Respondents assert that this petition was never ruled on. *See* Answer, at 11. Petitioner does not dispute this assertion, and a review of the state court's docket[3] supports this assertion. *See* Attachment A. On August 7, 2013, the trial court proceeded with disposition on the probation revocation matter, terminating Petitioner's probation and imposing a sentence of incarceration of 2.5 years, to be followed by a term of community supervision. (Resp. Ex. Z, at 2.) Petitioner filed a motion to vacate judgment on August 20, 2013. (Second Amended Petition, Attachment B). Petitioner's motion to vacate was denied by the trial court on September 10, 2013. (*Id.*)

On October 8, 2013, the Arizona Court of Appeals issued its mandate with respect to Petitioner's notice of appeal. (Resp. Ex. AA.) On December 26, 2013, Petitioner filed the instant Second Amended Petition. (Doc. 13.) In his Second Amended Petition, Petitioner raises 12 grounds for relief. (*Id.*)

A review of the state court's docket[4] in this case suggests that not only is Petitioner's first petition for post-conviction relief awaiting a ruling, in addition, Petitioner has filed a "2nd Amended Petition for Writ of Habeas Corpus by a Person in State Custody." *See* Attachment A, Petition filed in state court on January 6, 2014.

## II.   Exhaustion of State Remedies

A Federal District Court is not authorized to grant a writ of habeas corpus sought

---

[3] http://www.agave.cosc.pima.gov/PublicDocs/GetCase2.aspx?ID=761829

[4] http://www.agave.cosc.pima.gov/PublicDocs/GetCase2.aspx?ID=761829

by someone in custody pursuant to a judgment of a state court "unless it appears that that the applicant has exhausted the remedies available in the court of the State." *See* 28 U.S.C. § 2254(b)(1)(A). If an appeal or collateral-review proceeding is pending in state court, a petitioner has not exhausted his remedies until the completion of those proceedings. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Petitioner's petition for post-conviction relief and his petition for writ of habeas corpus remain pending, despite the trial court never having ruled on the merits of these petitions. *See e.g. Pauley v. Ryan*, 2013 Wl 663606 (January 22, 2013) (in the context of consideration of habeas limitations period, until an application in state court achieves final resolution through the State's post-conviction procedures, "by definition it remains 'pending.'")(citing *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007). The Court acknowledges Respondents' argument that the trial court would likely have denied and dismissed the petition for post-conviction relief because it was premature, and filed on Petitioner's own behalf, but declines to adopt this presumption as fact absent a ruling by the trial court.

The failure to exhaust subjects the Petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983). Petitioner does not dispute Respondents' assertion that the trial court has not yet ruled on Petitioner's petition for post-conviction relief filed on June 27, 2013. Additionally, Petitioner acknowledges in his Second Amended Petition (doc. 13, at 8) that he has not presented any grounds for relief to the court of appeals.

Although Petitioner has not raised the argument, the undersigned has considered whether the existence of an "inordinate delay" should excuse the exhaustion requirement in this case, or shift the burden to the state to demonstrate why exhaustion should still be required. *See Coe v. Thurman*, 922 F.2d 528, 530-33 (9th Cir. 1990). If "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," exhaustion is not required. 28 U.S.C. § 2254(b)(1)(B). Excessive delay in the appellate process may render a state corrective process ineffective and thus waive the requirement for exhaustion of remedies at the state level. *Coe,* 922 F.2d at 530–531.   To determine when delay becomes

excessive and thus a due process violation, the Ninth Circuit considers: "the [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 531 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Petitioner does not allege that the state court has unduly delayed disposition of his appeal and thus the exhaustion requirement should be excused. Indeed, Petitioner asserts that he has essentially abandoned his state court proceedings by not filing anything in the state appellate courts, choosing instead "to go federal" by filing a federal habeas petition prior to the state court's ruling, and arguing, incorrectly, that the exhaustion requirement is satisfied by his presentation to the trial court of his petition for writ of habeas corpus and motion to vacate. *See* Reply, at 2. The Ninth Circuit has held that a prisoner in Arizona does not exhaust a claim for federal review until he has presented it to the Arizona Court of Appeals in a petition for review. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) ("To exhaust his Arizona remedies, Castillo had to give the Arizona courts a 'fair opportunity' to act on his federal due process claim before presenting it to the federal courts. . . . We consider Castillo's briefing to the Arizona Court of Appeals to determine whether he fairly presented his federal due process claim to the Arizona courts.") (citations omitted); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (except in cases in which life sentences or the death penalty has been imposed, Arizona state prisoners properly exhaust their claims for the purpose of federal habeas corpus by presenting them to the Arizona Court of Appeals)

Moreover, the District Court previously dismissed a federal habeas petition filed by Petitioner prior to the Petitioner's disposition hearing, acknowledging that Petitioner had prematurely filed a petition for writ of habeas in state court, but noting that Petitioner has not had the opportunity to "properly exhaust state court remedies." *Gooden v. State*, No. CV13-0238-TUC-CKJ (D. Ariz. 2013), Doc. 12 at 7. Subsequently, Petitioner filed the petition for writ of habeas corpus before the trial court in January, 2014, which remains pending. A nine-month delay is not unusual or unacceptable, and does not meet the threshold requirement of establishing undue delay. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) ("Until there is some delay which is presumptively prejudicial, there is

no necessity for inquiry into the other factors that go into the balance."). Moreover, Petitioner has not established that he has diligently asserted his rights in the state court. Thus, were the Court to consider the timing issue, Petitioner has failed to establish unusual or excessive delay in the processing of his petition.

Because Petitioner's petition for post-conviction relief is still apparently pending in Pima County Superior Court, in addition to a possible second, or amended petition, filed on January 6, 2014, Petitioner has not exhausted his state court remedies, and his habeas petition is premature. This action should be dismissed. The Court recommends a dismissal without prejudice, so as not to preclude Petitioner from refiling his federal petition upon exhaustion of post-conviction proceedings in state court.

Accordingly,

IT IS RECOMMENDED that the Second Amended Petition (Doc. 13) and this action be dismissed without prejudice to Petitioner filing a new petition and action after he has exhausted his state court remedies.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. See id. If objections are filed the parties should use the following case number: CV 13-00909-TUC-CKJ.

If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 8th day of October, 2014.


_____
Bernardo P. Velasco
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28