IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Shamar Gooden, | No. CV-13-00909-TUC-CKJ |
| Petitioner, | **ORDER** |
| v. | |
| Pima County Jail, et al., | |
| Defendants. | |

On October 8, 2014, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (Doc. 29) in which he recommended that the *Pro Se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be dismissed without prejudice to Petitioner filing a Petition and action after he has exhausted his state court remedies. The Report and Recommendation notified the parties that they had fourteen days to file any objections. No objections have been filed.

The Court has reviewed and considered the *Pro Se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254; the Answer to the Petition, with exhibits; the Reply and exhibits; and the Report and Recommendation.

The Court has also reviewed the Pima County Superior Court file for case number CR20052741. As noted in the Report and Recommendation, on June 27, 2013, Petitioner, acting on his own behalf, filed a "Post Conviction Relief Rule 32" in Pima County Superior Court. That petition has not been ruled on. In addition, on January 6,

2014, Petitioner filed in state court a Second Amended Petition for a Writ of Habeas Corpus by a Person in State Custody.  Although the petition was docketed in the State Court record, it is actually a federal form and is designated as a "Petition Under 28 U.S.C. § 2254."  In fact, it is the same document that was filed with this Court on December 18, 2013.  (Docs. 12, 13.)  The petition has not been ruled on by the State Court.

The Report and Recommendation considered whether "inordinate delay" should excuse the exhaustion requirement in this case, or shift the burden to the state to demonstrate why exhaustion should still be required. *See Coe v. Thurman*, 922 F.2d 528, 530-33 (9th Cir. 1990). However, it appears to have considered delay only as to the Second Amended Petition; the petition filed in June 2013 has also not been ruled on. (Doc. 29 at 5.)

As the Report and Recommendation states, if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," exhaustion is not required. 28 U.S.C. § 2254(b)(1)(B). Excessive delay in the appellate process may render a state corrective process ineffective and thus waive the requirement for exhaustion of remedies at the state level. *Coe,* 922 F.2d at 530–531. The Report and Recommendation observes that Petitioner did not allege that the State had unduly delayed disposition of his appeal and thus the exhaustion requirement should be excused; in fact he asserts that he has essentially abandoned his state court proceedings by not filing anything in the state appellate courts.  (Doc. 29 at 5.)  Moreover, he filed no objections to the Report and Recommendation.

The Ninth Circuit has stated that there is "no talismanic number of years or months" constituting unacceptable delay. *Coe*, 922 F.2d at 531. The court found a four-year delay to be "alarming," *Coe*, *id*., but it has also observed that a two-year delay is not "extreme." *Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 2008).  This Court finds that a seventeen-month delay is not unusual or unacceptable and does not meet the

threshold requirement of establishing undue delay.  *See Barker v. Wingo*, 407 U.S.514, 530 (1972) ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.").  Moreover, Petitioner was released from custody in June 2014.  (Doc. 28.)

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 29) is ADOPTED;

2. The *Pro Se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 13) is DISMISSED without prejudice.

Dated this 5th day of December, 2014.

_____
Cindy K. Jorgenson
United States District Judge